```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                :
PETER GREENE,                                   :
                                                :
                            Plaintiff,          :      18 Civ. 6549
                                                :
            -against-                           :
                                                :
THE CITY OF NEW YORK, Commissioner              :      COMPLAINT AND
CYNTHIA BRANN, Commissioner of New York         :      JURY DEMAND
City Department of Correction, JAMES P.         :
O'NEILL, Commissioner of New York City          :
Police Department, and POLICE OFFICER JOHN,     :
DOES 1 - 5 and CORRECTION OFFICER JOHN          :
DOES 6 - 10.                                    :
                                                :
                            Defendants.         :
                                                :
------------------------------------------------X
```

Plaintiff, by his attorneys, ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP, for his Complaint against the defendants, alleges as follows:

INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States of America against the CITY OF NEW YORK and employees of the New York City Police Department (hereinafter "NYPD") and the New York City Department of Correction (hereinafter "DOC") who failed in their duty to protect plaintiff from savage attack by a fellow courthouse detainee while plaintiff was awaiting arraignment at 100 Center Street for two Vehicle and Traffic Law ("VTL") offenses -- driving a motor vehicle with a suspended license and unlicensed driving. The action is also brought against the Commissioner of the DOC, CYNTHIA BRANN, and against the

Commissioner of the NYPD, JAMES P. O'NEILL, as the supervisory officials responsible for the training of the personnel of their respective departments, and against certain as yet unidentified officers of both departments named herein as JOHN DOES. Such JOHN DOES are the NYPD and DOC officers responsible for maintaining the safety and security in the areas of 100 Center Street where plaintiff was being detained on his VTL matter, and for their collective and individual failure to take corrective action and to implement meaningful procedures to prevent savage attacks by detainees on other detainees; and against the City of New York, which is sued as a person pursuant to 42 U.S.C. § 1983.

2. Plaintiff institutes these proceedings to obtain the costs of suit, including reasonable attorney fees, and to recover damages suffered by plaintiff and caused by defendants' violation of the rights of plaintiff as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by federal statutory law, particularly 42 U.S.C. § 1983.

3. The violation of the rights of plaintiff alleged herein occurred within the State of New York.

PARTIES

4. Plaintiff, PETER GREEN, at all times relevant was and is a citizen of the United States and the State of New York with his residence address located at 20 Clinton Street in the City County

and State of New York.

5.      Defendant, CYNTHIA BRANN, was at all times relevant herein the duly appointed, qualified, and acting Commissioner of the Department of Correction of the City of New York. As such she was the highest supervisory official of DOC and was responsible for the training and supervision of DOC personnel. She was also responsible for enforcing the regulations and policies of the DOC and for ensuring that DOC personnel obey, employ, and implement regulations and policies. At all relevant times, she was acting in her capacity as an agent, servant, and employee of the defendant, CITY OF NEW YORK. She is sued individually and in her official capacity.

6.      Defendant, JAMES P. O'NEILL, was at all relevant times the duly appointed, qualified, and acting Commissioner of the NYPD. As such, he was the highest supervisory official of the NYPD and was responsible for the training and supervision of police personnel. He was also responsible for enforcing the regulations and policies of the NYPD and for ensuring that NYPD employees obey, employ, and implement regulations and policies. At all relevant times, he was acting in his capacity as an agent, servant, and employee of the defendant, City of New York. He is sued individually and in his official capacity.

7.      Those defendants sued herein as POLICE OFFICER JOHN DOES 1-5 and CORRECTION OFFICER JOHN DOES 6 - 10 cannot be identified

with specificity at this time as the information necessary to name these police and correction officers is in the sole possession of the defendants, and the government departments cited herein.

8. However, upon information and belief, such NYPD JOHN DOES were at all times relevant assigned to, stationed, deployed, and present at 100 Center Street (the New York City Criminal Court), and had individual and collective responsibility for the care and custody, including secure movement and housing, within 100 Center Street, of arrested individuals processed by NYPD, and brought to Criminal Court for arraignment.

9. The New York City Charter, Charter § 434, entitled "Commissioner; powers and duties," provides:

>   a. The commissioner shall have cognizance and control of the government, administration, disposition and discipline of the department, and of the police force of the department.
>
>   b. The commissioner shall be the chief executive officer of the police force. He shall be chargeable with and responsible for the execution of all law and the rules and regulations of the department.

10. Upon further information and belief, such DOC JOHN DOES were at all times relevant assigned to, stationed, deployed, and present at 100 Center Street (the New York City Criminal Court), and had individual and collective responsibility for the care and custody, including secure movement and housing, within 100 Center Street, of arrested individuals processed by DOC, and awaiting presentation for arraignment with the Criminal Court.

11. At all times relevant herein, the defendants BRANN, O'NEILL, and JOHN DOES 1 - 10, and their agents, servants, assistants, and employees, acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of the DOC, and by the NYPD, whose acts may fairly be said to represent official policy or custom of such Departments and the City of New York.

12. At all times relevant, defendants acted under color of the laws of the State and City of New York.

## FACTUAL ALLEGATIONS

13. On or about, October 4, 2017, PETER GREEN was arrested for a VTL matter.

14. While detained in the custody of the NYPD at 100 Center Street, he was placed in a room with one other male detainee. While in such custody in the aforesaid room, plaintiff was the victim of a sudden and unprovoked physical assault by such other detainee, whose identity is unknown but who appeared deranged.

15. Plaintiff and the unknown male (hereinafter the "Unidentified Male Detainee") were at that time separated by an NYPD JOHN DOE. The Unidentified Male Detainee is a male black, approximately 6 feel tall, with afro-style hair.

16. After the aforesaid physical attack, plaintiff specifically spoke with and informed the NYPD JOHN DOES in whose custody he was detained about his need to be kept separated

throughout the remainder of the processing from the Unidentified Male Detainee, and such need was specifically recognized and acknowledged by such JOHN DOES.

17. Thereafter, while in the custody of personnel of the DOC, also within 100 Center Street, and while awaiting presentment before a Judge for Criminal Court arraignment, plaintiff was laying down on a bench. He dozed off for a brief time period, he believes. During this time period, he was awakened suddenly by the fact that he was in the process of being physically attacked without warning or provocation once again by the Unidentified Male Detainee, who had again been placed in the same holding cell as plaintiff.

18. Plaintiff in this second incident of unprovoked assault by the Unidentified Male Detainee was savagely pummeled and beaten, including but not limited to being stomped violently and with substantial force about the head, causing severe injuries, including but not limited to, intra-cerebral hemorrhage, contusion of the left temporal region, sub-dural hematoma, hematoma or the right massetter muscle, all of which caused him to later suffer severe headaches, and other physical injury, symptoms, pain, and disorientation.

19. On information and belief, the aforesaid savage attack upon plaintiff was caused to occur as a result of security lapses and negligence by personnel within 100 Center Street, including the NYPD JOHN DOES and DOC JOHN DOES, who failed to maintain the

facilities and accommodations within their respective jurisdictions safely, causing plaintiff to be subjected to the vicious and injurious attack by the Unidentified Male Detainee who had already physically attacked him a short time earlier.

20. Such defendants, individually and collectively, failed to abide by and apply appropriate rules, customs, and procedures for the secure care and custody of the plaintiff, and failed to take requisite steps to safeguard the health, safety, and well-being of the plaintiff, PETER GREEN.

21. In addition, defendants BRANN, O'NEILL, and JOHN DOES 1 - 10, and the DOC, NYPD, and City of New York, were grossly negligent in failing to assign an adequate number of security/supervisory personnel to the areas in which plaintiff was at risk from the Unidentified Male Detainee.

22. On information and belief, defendants, and particularly defendants BRANN and O'NEILL, had prior notice of the flawed policies, practices, customs, and procedures which failed to prevent savage attacks perpetrated by detainees against fellow detainees, and yet took no adequate steps to correct such flawed policies, practices, customs and procedures. The failure to properly train DOC and NYPD personnel included the failure to instruct such personnel in the proper procedures for securing the general safety and well-being of detainees at 100 Center Street.

23. On information and belief, defendants City of New York,

BRANN, and O'NEILL tolerated as institutionalized practice:

    (a) the failure to ensure an appropriate and safe ratio of personnel to detainees during times detainees were together;

    (b) the failure to take adequate precaution in the hiring, promotion, and retention of personnel;

    (c) the failure to take cognizance of and correct a rising incidence of violent and vicious attack among detainees; and,

23. As a consequence of the derelictions, indifference, and malfeasance set forth, plaintiff sustained the serious physical injuries complained of herein.

## PLAINTIFF'S FEDERAL CAUSES OF ACTION

24. Plaintiff repeats all of the allegations contained in the preceding paragraphs as though fully set forth at length herein.

25. All of the aforesaid acts and conduct of the defendants, and each of them, exposed and subjected plaintiff, PETER GREEN, to serious physical injury and unwarranted violation of his personal security in violation of the Fourth, Fifth, and Eighth Amendments to the United States Constitution; deprived plaintiff of his substantive due process rights under the Fourteenth Amendment to the United States Constitution; and caused plaintiff's decedent to suffer great pain and suffering, severe head injury, and lasting permanent injury.

## RESPONDEAT SUPERIOR LIABILITY

26. At all times relevant herein, the defendants BRANN,

O'NEILL, and JOHN DOES 1 - 10, were acting within the scope of their employment as officers and agents of the Doc and NYPD.

27. The CITY OF NEW YORK is liable for compensatory and exemplary damages under the doctrine of respondeat superior or is liable to indemnify the individual defendants pursuant to provisions of the General Municipal Law for the tortious and unlawful acts of all defendants committed within the scope of their employment.

WHEREFORE, plaintiff prays for the following relief, jointly and severally, against the defendants:

1. Compensatory damages in the amount of Seven Million ($7,000,000.00) Dollars.

2. Punitive damages in the amount of Five Million ($5,000,000.00) Dollars.

3. Attorneys fees pursuant to 42 U.S.C. § 1988.

4. Such other and further relief as this court deems just and proper.

Dated:  New York, New York
        July 18, 2018

> ROTHMAN, SCHNEIDER,
>   SOLOWAY & STERN, LLP
> Attorneys for Plaintiff
> 100 Lafayette Street
> New York, New York 10013
> (212) 571-5500
>
> By: _____
>      ROBERT A. SOLOWAY

Plaintiff demands a trial by jury.